IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **InnoMemory LLC,** | Case No. 2:23-cv-339 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Panasonic Corporation of North America,** | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiff InnoMemory LLC ("Plaintiff"), through its attorneys, complains of Panasonic Corporation of North America ("Defendant" or "Panasonic"), and alleges the following:

**PARTIES**

2. Plaintiff InnoMemory LLC is a limited liability company organized and existing under the laws of Texas that maintains its principal place of business at 209 East Houston Street, Marshall, Texas 75670.

3. Defendant Panasonic Corporation of North America is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 3461 Plano Pkwy, The Colony, Texas 75056.

**JURISDICTION**

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENTS-IN-SUIT

8. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 6,240,046; and 7,057,960 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '046 PATENT

9. The '046 Patent is entitled "Integrated circuit random access memory capable of reading either one or more than one data word in a single clock cycle," and issued 2001-05-29. The application leading to the '046 Patent was filed on 2000-02-11. A true and correct copy of the '046 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

## THE '960 PATENT

10. The '960 Patent is entitled "Method and architecture for reducing the power consumption for memory devices in refresh operations," and issued 2006-06-06. The application leading to the '960 Patent was filed on 2003-07-29. A true and correct copy of the '960 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

## COUNT 1: INFRINGEMENT OF THE '046 PATENT

11. Plaintiff incorporates the above paragraphs herein by reference.

12. **Direct Infringement**. Defendant directly infringed one or more claims of the '046 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary claims of the '046 Patent also identified in the charts incorporated into this Count below (the "Exemplary '046 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '046 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

13. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '046 Patent Claims, by having its employees internally test and use these Exemplary Products.

14. Exhibit 3 includes charts comparing the Exemplary '046 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '046 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '046 Patent Claims.

15. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

16. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

17. **Actual Knowledge of Infringement**. At least since Panasonic received a notice letter that identified InnoMemory patents (including the Patents-in-suit) with a claim chart (referencing the JEDEC DDR4 Specification) demonstrating its infringement of the '046 Patent on or about January 28, 2019, Panasonic has had actual knowledge of its infringing conduct as alleged here. The service of this notice letter, in conjunction with the attached claim charts and references cited, constituted actual knowledge of infringement as alleged here.

18. Despite such actual knowledge, Defendant continued to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringed the '046 Patent. On information and belief, Defendant also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringed the '046 Patent.

### COUNT 2: INFRINGEMENT OF THE '960 PATENT

19. Plaintiff incorporates the above paragraphs herein by reference.

20. **Direct Infringement**. Defendant directly infringed one or more claims of the '960 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary claims of the '960 Patent also identified in the charts incorporated into this Count below (the

"Exemplary '960 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '960 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

21. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '960 Patent Claims, by having its employees internally test and use these Exemplary Products.

22. Exhibit 4 includes charts comparing the Exemplary '960 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '960 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '960 Patent Claims.

23. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

24. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

25. **Actual Knowledge of Infringement**. At least since Panasonic received a notice letter that identified the '960 patent and an exemplary Panasonic product on or about January 28, 2019, Panasonic has had knowledge of the '960 patent and knowledge of its infringing conduct. The service of this notice letter, in conjunction with references cited, constituted actual knowledge of infringement as alleged here.

26. Despite such actual knowledge, Defendant continued to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '960 Patent. On information and belief, Defendant also continued to sell the Exemplary Defendant Products and

distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringed the '960 Patent.

**JURY DEMAND**

27. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that Defendant's infringement of the '046 and '960 Patents has been willful;

B. A judgment that the '046 Patent is valid and enforceable;

C. A judgment that Defendant has infringed directly one or more claims of the '046 Patent;

D. A judgment that the '960 Patent is valid and enforceable;

E. A judgment that Defendant has infringed directly one or more claims of the '960 Patent;

F. An accounting of all damages not presented at trial;

G. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement at least with respect to the '046 and '960 Patents.

H. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

  i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorney's fees against Defendant that it incurs in prosecuting this action;

  ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: July 20, 2023    Respectfully submitted,

    /s/ Isaac Rabicoff
    Isaac Rabicoff
    Rabicoff Law LLC
    600 Mamaroneck Ave STE 400
    Harrison, NY 10528
    7736694590
    isaac@rabilaw.com

    **Counsel for Plaintiff**
    **InnoMemory, LLC**